UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

```
-------------------------------------------------------------X
SETH MARSHALL,  Individually and On              :
Behalf of All Other Persons Similarly Situated,  :        COLLECTIVE AND
                                                 :        CLASS ACTION
                        Plaintiff,               :        COMPLAINT
                                                 :
           -against-                             :        JURY TRIAL DEMANDED
                                                 :
PEPSICO, INC., and BOTTLING GROUP, LLC           :        Civil Action No.:
                                                 :
                        Defendants.              :
-------------------------------------------------------------X
```

## INTRODUCTION

Plaintiff Seth Marshall ("Plaintiff"), individually and on behalf of all others similarly situated, through counsel, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, interest, reasonable attorneys' fees, costs, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), on behalf of Plaintiff and similarly situated current and former employees employed by Defendants PepsiCo., Inc. and Bottling Group, LLC ("PepsiCo" or "Defendants") in the United States, and who elect to opt into this action pursuant to 29 U.S.C. §216(b) (the "Collective").

2.     This action also seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, interest, reasonable attorneys' fees, costs, and any other appropriate relief, under the Pennsylvania Wage Payment and Collection Law ("WPCL") and Pennsylvania Minimum Wage Act ("PMWA") for Plaintiff and a Rule 23 class of other

similarly-situated current and former employees employed by Defendants in the state of Pennsylvania ("Pennsylvania Class").

## BACKGROUND

3.      PepsiCo, as an employer, is required under both the FLSA and Pennsylvania law to maintain an accurate record of the hours worked by its non-exempt hourly employees.

4.      In order to create and maintain this record, PepsiCo uses a timekeeping system called Kronos, which is a third-party service provided by HR management company UKG, an independent company unrelated to PepsiCo, and to whom PepsiCo pays a fee for use of the Kronos timekeeping capabilities.

5.      Through Kronos software and equipment, PepsiCo records its hourly employees' time in a method similar to traditional "punch-in" time-clocks: in each location where its hourly employees work, including Plaintiff's work location, there is a shared Kronos device which each hourly employee uses daily to clock-in and clock-out, by swiping an electronic card.

6.      PepsiCo's hourly employees, including Plaintiff and members of the putative Collective and Class, are directed by Defendants to use the Kronos system to clock-in and clock-out each day they work. Upon information and belief, this is the only way they record their time.

7.      Upon information and belief, the Kronos system is the only timekeeping system used by all hourly employees of PepsiCo to record their daily hours, regardless of position or location, both in Pennsylvania and nationwide.

8.      PepsiCo uses separate Kronos timekeeping devices at multiple locations to track its hourly employees' time, and the system is used by thousands of Defendants' hourly employees.

2

9.      PepsiCo relies on the time data recorded by the Kronos system to calculate its hourly employees' weekly pay, which varies week to week based on the actual number of hours its employees work in any given week, including overtime hours.

10.     On December 11, 2021, Kronos-provider UKG announced to its clients, including PepsiCo, that its Kronos timekeeping services had become inoperative due to a ransomware attack (the "outage"). UKG warned that the outage would potentially last several weeks, and advised its clients to "evaluate and implement alternative business continuity protocols."[1]

11.     As a result of this outage, starting on December 11, 2021, and continuing through late February 2022 (the "outage period"), PepsiCo was unable to access the daily timekeeping records of its hourly employees as inputted into and maintained on the Kronos system.

12.     Because PepsiCo could not access Plaintiff's and the members of the putative Class' and Collective's time records during the outage period, and because PepsiCo failed to adopt and have in place a functional back-up plan for recording hourly employee time and timely processing hourly employee payroll, PepsiCo could not – *and did not* - accurately pay its hourly employees during the outage period.

13.     Instead, over the approximately ten-week outage period, Defendants paid all their hourly employees, including Plaintiff Marshall, an *estimated* weekly pay, which PepsiCo itself derived, and which was not based upon, and did not reflect, the *actual* hours worked by Plaintiff and members of the putative Collective and Class.

14.     In the case of Plaintiff Marshall, and in the case of numerous other putative Collective and Class members, the amount of the estimated weekly wage payments that Defendants made to Plaintiff and the putative Collective and Class members during the outage

---

[1] See announcement from UKG, available at
https://community.kronos.com/s/feed/0D54M00004wJKHiSAO?language=en_US (last visited on March 21, 2022).

period were *less* than the actual amounts owed. For Plaintiff Marshall, this was true with regard to every paycheck he received during the outage period.[2]

15.     As of the filing of this Complaint, PepsiCo has still not made corrected payments to Plaintiff Marshall to reflect his proper earnings during the roughly 10-week outage period.

16.     Upon information and belief, PepsiCo has similarly not made corrected payments to any other putative Collective and Class Members to reflect their proper wages earned during the outage period.

17.     More than 30 days have passed since Defendants were required to pay Plaintiff and members of the putative Class and Collective all wages earned during the outage period.

18.     Plaintiff Marshall therefore seeks to recover unpaid overtime, and all other available relief, on behalf of himself, and on behalf of both a nationwide Collective pursuant to the FLSA and a Pennsylvania Class pursuant to Pennsylvania law, to include all non-exempt hourly employees employed by PepsiCo from December 1, 2021 to the present, whose weekly work hours were tracked by the Kronos timekeeping system, who were paid estimated rather than actual wages during the Kronos outage period, and which estimated payments were less than the amount earned and owed over the same period.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1332 and 1367.

20.     Venue is proper pursuant to 28 U.S.C. §1391 because Defendants' principal

---

[2] Defendants' failure to pay proper overtime was especially harmful to Plaintiff and the Class and Collective members because it happened in the weeks before Christmas and the New Year, a period when hourly workers often 1) work more hours than usual, and 2) have immediate need for that extra money for the Holiday season.

places of business are within this District and Defendants are subject to personal jurisdiction in this District.

21.     Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

22.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

23.     Plaintiff Seth Marshall ("Plaintiff") is an individual residing in Allentown, Pennsylvania.

24.     Defendant PepsiCo., Inc. ("PepsiCo.") is a North Carolina corporation with its headquarters and principle executive offices in Westchester County in New York at 700 Anderson Hill Road, Purchase, NY, 10577.[3]  Through its operations, authorized bottlers, contract manufacturers, and other third-parties, PepsiCo. serves customers and consumers in more than 200 countries and territories.[4] For fiscal year 2021, PepsiCo. reported net revenue of over $70 billion dollars.[5]

25.     Defendant Bottling Group, LLC is a Delaware limited liability company and subsidiary of PepsiCo., with its principal executive offices in Somers, NY.

26.     At all times relevant herein, Defendants have jointly employed Plaintiff and the putative Collective and Class members and have been employers within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)) and Pennsylvania law.

---

[3] *See* PepsiCo's latest Form 10-K SEC Annual Report, dated Feb 10, 2022 and *available at* https://pepsico.gcs-web.com/static-files/a5a1d988-8e28-4dc7-ac4e-e6a2abfd0310 (last visited March 17, 2022).
[4] *Id.* at 2.
[5] *Id.* at 67.

27.     At all times relevant herein, Defendants have jointly been an enterprise within the meaning of Section 3(r) of the FLSA (29 U.S.C. § 203(r)).

28.     At all times relevant herein, Defendants have been an enterprise jointly engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person.  Further, Defendants have a gross volume of sales and have made or done business in an amount of at least $500,000.

29.     Defendants operate so in concert and together in a common enterprise and through related activities so the actions of one may be imputed to the other and/or that their corporate formality should be disregarded for purposes of attributing their unlawful conduct to Defendants jointly and/or for considering them as joint employers for purposes of the claims asserted herein.

30.     At all times relevant herein, Plaintiff and all similarly situated employees were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

31.     Defendants suffered, permitted, or directed the work of Plaintiff and similarly situated employees, and Defendants benefited from work performed by Plaintiff and similarly situated employees.

## **FACTUAL ALLEGATIONS**

32.     Plaintiff Seth Marshall was employed by PepsiCo as a front-end loader at its warehouse in Allentown, PA, from May 2021 to March 2022.

33.     During his entire period of employment with PepsiCo, Plaintiff Marshall

a.      was classified as a non-exempt employment paid an hourly rate;

b.      used the Kronos system to clock in and clock out on a daily basis;

c.      was paid once every week (wages included payment for all hours worked the preceding week, including overtime); and

d.      was routinely paid an overtime premium for hours worked over 40.

34.     During the Kronos outage period, as set forth above, Plaintiff Marshall, like the members of the putative Class and Collective, was paid an estimated amount determined by PepsiCo., and not according to the actual number of hours he worked.

35.     Plaintiff Marshall was paid approximately $835 (net) each week throughout the Kronos outage period.  However, throughout the outage period, Plaintiff Marshall worked on average 55-60 hours each week, which equates to a weekly wage several hundred dollars greater than he received.

36.     Throughout the outage period, although Defendants were unable to retrieve and process the data stored on the Kronos devices, the individual timekeeping devices still operated effectively as methods for recording and storing employee time data.

37.     Throughout the outage period, Plaintiff Marshall, as well as members of the putative Collective and Class, were directed by Defendants to continue to use the Kronos devices to record their daily time.

38.     There is no dispute that Plaintiff and members of the Class and Collective are entitled to overtime pay for hours worked over 40 under the laws cited herein upon which the claims are brought.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a Collective Action on behalf of all non-exempt hourly employees employed by PepsiCo from December 1, 2021 to the present, whose weekly work hours were tracked by the Kronos timekeeping system, who were paid estimated rather than actual wages during the Kronos outage period, and which estimated payments were less than the amount earned and owed over the same period.

40.     Defendants are liable under the FLSA for, *inter alia*, failing to maintain proper records, failing to pay proper wages, and failing to pay proper premium overtime wages to Plaintiff and other similarly-situated employees during the Kronos outage period.

41.     There are potentially hundreds of similarly situated current and former hourly employees who have not been paid wages and premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join.  Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

42.     The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## PENNSYLVANIA CLASS ALLEGATIONS

43.     Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff also brings this action on behalf of himself and other current and former hourly employees who worked for PepsiCo in Pennsylvania and who are owed pay and overtime pay as a result of the Kronos outage and events described above.

44.     The Class Plaintiff seeks to represent is defined as:

all non-exempt hourly employees employed by PepsiCo from December 1, 2021 to the present, whose weekly work hours were tracked by the Kronos timekeeping system, who were paid estimated rather than actual wages during the Kronos outage period, and which estimated payments were less than the amount earned and owed over the same period.

45.     The proposed class is so numerous that joinder of all members is impracticable.

46.     Defendants employ hundreds - if not thousands - of hourly employees across Pennsylvania who clock in daily using the Kronos system and to whom Defendants paid only estimated wages during the Kronos outage period.

47.     The claim of Plaintiff Marshall is typical of the members of the proposed Class: he is owed pay earned during the Kronos outage period which Defendants, to date, have still not paid, as is true of all members of the proposed Class.

48.     Each Class member's claim is controlled by Pennsylvania's wage and hour statutory scheme and one set of facts. Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to, whether the Class is similarly situated because its members were subject to Defendants' common policy of making estimated wage payments during the Kronos outage period, and whether Defendants violated the WPCL and PMWA by failing to maintain proper time records and failing to pay Plaintiff and the Class all due wages.

49.     Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer. The damages suffered by the individual class members are small compared to the expense and burden of individual

prosecutions of this litigation. Prosecuting dozens of identical, individual lawsuits would not promote judicial efficiency or equity, nor result in consistent results. Class certification will eliminate the need for duplicate litigation.

50.     Pursuant to Fed. R. Civ. P. 23(b)(2), Defendants have acted, or have refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the Class as a whole.

51.     Plaintiff will fully and adequately protect the interests of the Class. Plaintiff seeks the same recovery as the Class, predicated upon the same violations of law and the same damage theory. Plaintiff has retained counsel who are qualified and experienced in the prosecution of statewide wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Class.

**FIRST CAUSE OF ACTION:**
**(FAIR LABOR STANDARDS ACT:  UNPAID WAGES AND OVERTIME WAGES)**
<u>**(Brought on Behalf of Plaintiff and All Collective Action Members)**</u>

52.     Plaintiff, on behalf of himself and all Collective Action Members, re-alleges and incorporates by reference paragraphs 1 through 51 as if they were set forth again herein.

53.     Defendants' violations of the FLSA, as described in this Complaint, have been reckless and willful, *inter alia,* through their failure to maintain records of actual time worked by Plaintiff and the Collective, through their failure to pay Plaintiff and members of the Collective for all hours worked, including overtime, and by making *estimated* payments to Plaintiff and members of the Collective instead of payments based on actual hours worked.

54.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). See attached Exhibit A.

55.     As a result of Defendants' FLSA violations, Plaintiff,  on behalf of himself and the Collective Action Members, is entitled to (a) recover from Defendants unpaid wages for all of the hours worked, including premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendants' willful violation of the FLSA; and (c) recover reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION:
### (Pennsylvania Minimum Wage Act)
### <u>(Brought on Behalf of Plaintiff and Pennsylvania Class)</u>

56.     Plaintiff, on behalf of himself and the Pennsylvania Class Action Members, re-alleges and incorporates by reference paragraphs 1 through 51 as if they were set forth again herein.

57.     Pursuant to the Pennsylvania Minimum Wage Act, each employer shall pay all nonexempt employees for all hours worked, and one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

58.     Plaintiff and the Class are non-exempt employees entitled to pay for all hours worked and to overtime compensation for all hours worked in excess of forty (40) per workweek.

59.     Plaintiff and the proposed Class work(ed) in excess of forty (40) hours per week, but did not receive the appropriate compensation and overtime compensation from Defendants during the Kronos outage period.

60.     Defendants willfully and intentionally failed to compensate Plaintiff and the Class for all hours and overtime hours they worked during the outage period.

61.     There is no bona fide dispute that Plaintiff and the Class are owed wages and overtime wages for the work they performed for Defendants in excess of 40 hours a week and for which they were not compensated.

62.     Defendants acted willfully and with reckless disregard of clearly applicable provisions of the PMWA.

63.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the class have suffered and will continue to suffer a loss of income and other damages.

**THIRD CAUSE OF ACTION:**
**(Pennsylvania Wage Payment and Collection Law)**
**(Brought on Behalf of Plaintiff and Pennsylvania Class)**

64.     Plaintiff, on behalf of himself and the Pennsylvania Class Action Members, re-alleges and incorporates by reference paragraphs 1 through 51 as if they were set forth again herein.

65.     The Pennsylvania Wage Payment and Collection Law requires that an employer pay all wages due to its employees. 43 P.S. §260.3.

66.     Defendants have intentionally failed to pay wages due to employees for for the correct number of hours they have worked.

67.     Pursuant to 43 P.S. §§ 260.9 and 260.10, employers, such as Defendants, who intentionally fail to pay an employee wage in conformance with the WPCL, shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

68.     Defendants do not have written authorization from Plaintiff or Class Members to withhold, divert, or deduct any portion of his or their wages that concern this action.

69.     Defendants violated the Pennsylvania law by failing to pay Plaintiff and Class

Members for all compensable time and by failing to pay Plaintiff and the Class Members for worktime, including overtime, at the established rate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Collective and Class Action Members are entitled to and pray for the following relief:

a.     Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.     Certification of this action as a class action on behalf of the Pennsylvania proposed Class and prompt issuance of a notice to all similarly-situated persons, apprising it of the pendency of this action, permitting Class members to opt-out or to be bound by any judgment in the matter;

c.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and Pennsylvania law;

d.     An award of unpaid wages, including for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and Pennsylvania law;

e.     An award of liquidated and punitive damages as a result of Defendants' willful failure to pay for all hours worked, including those in excess of 40

13

hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. §§ 216 and 260 and Pennsylvania law;

f.  An award of damages representing the Defendants employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g.  An award of prejudgment and post-judgment interest;

h.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

i.  Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: March 23, 2022

**KLAFTER LESSER LLP**
  */s/ Seth R. Lesser*
Seth R. Lesser Bar No. SL5560
Christopher M. Timmel Bar No. CT9831
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
E-mail: seth@klafterlesser.com
E-mail: christopher.timmel@klafterlesser.com

***Attorneys for Plaintiff, Collective, and the Class***