UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

------------------------------------------------------------X
SETH MARSHALL and MATTHEW WHITE, :
Individually and On Behalf of All Other : **AMENDED COLLECTIVE**
Persons Similarly Situated, : **AND CLASS ACTION**
: **COMPLAINT**
                      Plaintiffs, :
:
     -against- : JURY TRIAL DEMANDED
:
PEPSICO, INC., BOTTLING GROUP, LLC, :
and CB MANUFACTURING COMPANY, INC. : No.: 7:22-cv-02370-PMH
:
                      Defendants. :
------------------------------------------------------------X

## INTRODUCTION

Plaintiffs Seth Marshall and Matthew White ("Plaintiffs"), individually and on behalf of all others similarly situated, through counsel, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), on behalf of Plaintiffs and similarly situated current and former employees employed by Defendants PepsiCo., Inc., Bottling Group, LLC, and CB Manufacturing Company, Inc. ("Defendants") in the United States, and who elect to opt into this action pursuant to 29 U.S.C. §216(b) (the "Collective").

2. This action also seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, and any other appropriate relief, under the New York Minimum Wage Act, NY CLS

Labor §§ 65, et seq. and New York's Wage Theft Prevention Act (and previously the Unpaid Wages Prohibition Act), NY CLS Labor §§ 191, et seq. (together, the "New York Wage Acts"), as well as the implementing regulations thereunder as set forth hereinafter, and/or similar laws in effect in other States, on behalf of Plaintiffs and similarly situated current and former employees employed by Defendants in the United States.

## BACKGROUND

3. Defendants, as employers, are required under the FLSA, as well as New York and other States' laws, to maintain an accurate record of the hours worked by its non-exempt hourly employees.

4. In order to create and maintain this record, Defendants use a timekeeping system called Kronos, which is a third-party service provided by HR management company UKG, an independent company unrelated to Defendants, and to whom Defendants pay a fee for use of the Kronos timekeeping capabilities.

5. Through Kronos software and equipment, Defendants record their respective hourly employees' time in a method similar to traditional "punch-in" time-clocks: in each location where its hourly employees work, including Plaintiffs' work locations, there is a shared Kronos device which each hourly employee uses daily to clock-in and clock-out, by swiping an electronic card.

6. Defendants' hourly employees, including Plaintiffs and members of the putative Collective and Class, are directed by Defendants to use the Kronos system to clock-in and clock-out each day they work. Upon information and belief, this is the only way they record their time.

7.      Upon information and belief, the Kronos system is the only timekeeping system used by all hourly employees of Defendants to record their daily hours, regardless of position or location, both in New York and nationwide.

8.      Defendants use separate Kronos timekeeping devices at multiple locations to track its hourly employees' time, and the system is used by thousands of Defendants' hourly employees.

9.      Defendants rely on the time data recorded by the Kronos system to calculate their hourly employees' weekly pay, which varies week to week based on the actual number of hours its employees work in any given week, including overtime hours.

10.     On December 11, 2021, Kronos-provider UKG announced to its clients, including Defendants, that its Kronos timekeeping services had become inoperative due to a ransomware attack (the "outage"). UKG warned that the outage would potentially last several weeks, and advised its clients to "evaluate and implement alternative business continuity protocols."[1]

11.     As a result of this outage, starting on December 11, 2021, and continuing through late February 2022 (the "outage period"), Defendant were unable to access the daily timekeeping records of its hourly employees as inputted into and maintained on the Kronos system.

12.     Because Defendants could not access Plaintiffs' and the members of the putative Class' and Collective's time records during the outage period, and because Defendants failed to adopt and have in place a functional back-up plan for recording hourly employee time and

---

[1] See announcement from UKG, available at https://community.kronos.com/s/feed/0D54M00004wJKHiSAO?language=en_US (last visited on March 21, 2022).

3

timely processing hourly employee payroll, Defendants could not – *and did not* - accurately pay its hourly employees during the outage period.

13.     Instead, over the approximately ten-week outage period, Defendants paid all their hourly employees, including Plaintiffs Marshall and White, an *estimated* weekly pay, which Defendants themselves derived, and which was not based upon, and did not reflect, the *actual* hours worked by Plaintiffs and members of the putative Collective and Class.

14.     In the case of Plaintiffs Marshall and White, and in the case of numerous other putative Collective and Class members, the amount of the estimated weekly wage payments that Defendants made to Plaintiffs and the putative Collective and Class members during the outage period were *less* than the actual amounts owed. For Plaintiffs, this was true with regard to every paycheck they received during the outage period.[2]

15.     As of the filing of this Complaint, Defendants have still not made corrected payments to Plaintiffs Marshall and White to reflect their proper earnings during the roughly 10-week outage period.

16.     Upon information and belief, Defendants have similarly not made corrected payments to any other putative Collective and Class Members to reflect their proper wages earned during the outage period.

17.     More than 30 days have passed since Defendants were required to pay Plaintiffs and members of the putative Class and Collective all wages earned during the outage period.

---

[2] Defendants' failure to pay proper overtime was especially harmful to Plaintiffs and the Class and Collective members because it happened in the weeks before Christmas and the New Year, a period when hourly workers often 1) work more hours than usual, and 2) have immediate need for that extra money for the Holiday season.

18. Plaintiffs therefore seek to recover unpaid overtime, and all other available relief, on behalf of themselves, a nationwide Collective pursuant to the FLSA, and a nationwide Class pursuant to New York Law and/or similar laws in other States, to include all non-exempt hourly employees employed by PepsiCo from December 1, 2021 to the present, whose weekly work hours were tracked by the Kronos timekeeping system, who were paid estimated rather than actual wages during the Kronos outage period, and which estimated payments were less than the amount earned and owed over the same period.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1332 and 1367.

   Venue is proper pursuant to 28 U.S.C. §1391 because each of Defendants' principal places of business are within this District and Defendants are subject to personal jurisdiction in this District.

20. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

21. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

22. Plaintiff Seth Marshall is an individual residing in Allentown, Pennsylvania.

23. Plaintiff Matthew White is an individual residing in Albany, New York.

24. Defendant PepsiCo., Inc. ("PepsiCo.") is a North Carolina corporation with its headquarters and principle executive offices in Westchester County in New York at 700

Anderson Hill Road, Purchase, NY, 10577.[3] Through its operations, authorized bottlers, contract manufacturers, and other third-parties, PepsiCo. serves customers and consumers in more than 200 countries and territories.[4] For fiscal year 2021, PepsiCo. reported net revenue of over $70 billion dollars.[5]

25. Defendant Bottling Group, LLC is a Delaware limited liability company and subsidiary of PepsiCo., with its principal executive offices in Somers, New York.

26. Defendant CB Manufacturing Company, Inc. is a Delaware corporation and subsidiary of Pepsi Co, Inc., with its principal executive offices located at 700 Anderson Hill Road, Purchase, NY, 10577.

27. At all times relevant herein, Defendants have jointly employed Plaintiffs and the putative Collective and Class members and have been employers within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)) and New York State law.

28. At all times relevant herein, Defendants have jointly been an enterprise within the meaning of Section 3(r) of the FLSA (29 U.S.C. § 203(r)).

29. At all times relevant herein, Defendants have been an enterprise jointly engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person. Further, Defendants have a gross volume of sales and have made or done business in an amount of at least $500,000.

---

[3] *See* PepsiCo's latest Form 10-K SEC Annual Report, dated Feb 10, 2022 and *available at* https://pepsico.gcs-web.com/static-files/a5a1d988-8e28-4dc7-ac4e-e6a2abfd0310 (last visited March 17, 2022).
[4] *Id.* at 2.
[5] *Id.* at 67.

30. Defendants operate so in concert and together in a common enterprise and through related activities so the actions of one may be imputed to the other and/or that their corporate formality should be disregarded for purposes of attributing their unlawful conduct to Defendants jointly and/or for considering them as joint employers for purposes of the claims asserted herein.

31. At all times relevant herein, Plaintiffs and all similarly situated employees were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

32. Defendants suffered, permitted, or directed the work of Plaintiffs and similarly situated employees, and Defendants benefited from work performed by Plaintiffs and similarly situated employees.

## FACTUAL ALLEGATIONS

33. Plaintiff Seth Marshall was employed by Defendants as a front-end loader at their warehouse in Allentown, Pennsylvania, from May 2021 to March 2022.

34. Plaintiff Matthew White was employed by Defendants as a night loader at their warehouse in Latham, New York, from approximately November 3, 2021, through the present.

35. During the time of their periods of employment by Defendants, Plaintiffs

   a. Were classified as a non-exempt employment paid an hourly rate;
   b. used the Kronos system to clock in and clock out on a daily basis;
   c. were paid once every week (wages included payment for all hours worked the preceding week, including overtime); and
   d. were routinely paid an overtime premium for hours worked over 40.

36. During the Kronos outage period, as set forth above, Plaintiffs, like the members of the putative Class and Collective, was paid an estimated amount determined unilaterally by Defendants, and not according to the actual number of hours they worked.

37. Plaintiff Marshall was paid approximately $835 (net) each week throughout the Kronos outage period. However, throughout the outage period, Plaintiff Marshall worked on average 55-60 hours each week, which equates to a weekly wage several hundred dollars greater than he received.

38. Plaintiff White was paid approximately $800 (net) each week throughout the Kronos outage period. However, throughout the outage period, Plaintiff White worked on average 55-60 hours each week, which equates to a weekly wage several hundred dollars greater than he received.

39. Throughout the outage period, although Defendants were unable to retrieve and process the data stored on the Kronos devices, the individual timekeeping devices still operated effectively as methods for recording and storing employee time data.

40. Throughout the outage period, Plaintiffs, as well as members of the putative Collective and Class, were directed by Defendants to continue to use the Kronos devices to record their daily time.

41. There is no dispute that Plaintiffs and members of the Class and Collective are entitled to overtime pay for hours worked over 40 under the laws cited herein upon which the claims are brought.

## FLSA COLLECTIVE ACTION ALLEGATIONS

42. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a Collective Action on behalf of all non-exempt hourly employees employed by

Defendants from December 1, 2021 to the present, whose weekly work hours were tracked by the Kronos timekeeping system, who were paid estimated rather than actual wages during the Kronos outage period, and which estimated payments were less than the amount earned and owed over the same period.

43. Defendants are liable under the FLSA for, *inter alia*, failing to maintain proper records, failing to pay proper wages, and failing to pay proper premium overtime wages to Plaintiffs and other similarly-situated employees during the Kronos outage period.

44. There are potentially tens of thousands of similarly situated current and former hourly employees who have not been paid wages and premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

45. The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## **CLASS ALLEGATIONS**

46. Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs also bring this action on behalf of themselves and other current and former hourly employees who worked for any Defendant and who are owed pay and overtime pay as a result of the Kronos outage and events described above.

47. The Class Plaintiffs seek to represent is defined as:

> all non-exempt hourly employees employed by any Defendant from December 1, 2021, to the present, whose weekly work hours were tracked by the Kronos timekeeping system, who were paid estimated rather than actual wages during the Kronos outage

period, and which estimated payments were less than the amount earned and owed over the same period.[6]

48.  The proposed class is so numerous that joinder of all members is impracticable.

49.  Defendants employ tens of thousands of hourly employees who clock in daily using the Kronos system and to whom Defendants paid only estimated wages during the Kronos outage period.

50.  The claims of Plaintiffs Marshall and White are typical of the members of the proposed Class: they are owed pay earned during the Kronos outage period which Defendants, to date, have still not paid, as is true of all members of the proposed Class.

51.  Each Class member's claim is controlled by materially similar wage and hour State statutory schemes and the same set of facts. Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to, whether the Class is similarly situated because its members were subject to Defendants' common policy of making estimated wage payments during the Kronos outage period, and whether Defendants violated the state statutory laws, including the New York Wage Acts and/or the materially similar laws and their implementing regulations in effect in other states by failing to maintain proper time records and failing to pay Plaintiffs and the Class all due wages.

52.  Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer. The damages suffered by the

---

[6] Plaintiffs reserve the right to amend or change the Class definition hereafter based upon the course of the case and evidence adduced.

individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting dozens of identical, individual lawsuits would not promote judicial efficiency or equity, nor result in consistent results. Class certification will eliminate the need for duplicate litigation.

53. Pursuant to Fed. R. Civ. P. 23(b)(2), Defendants have acted, or have refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the Class as a whole.

54. Plaintiffs will fully and adequately protect the interests of the Class. Plaintiffs seek the same recovery as the Class, predicated upon the same violations of law and the same damage theory. Plaintiffs have retained counsel who are qualified and experienced in the prosecution of statewide wage and hour class actions. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the Class.

## FIRST CAUSE OF ACTION:
## (FAIR LABOR STANDARDS ACT:  UNPAID WAGES AND OVERTIME WAGES)
## (Brought on Behalf of Plaintiffs and All Collective Action Members)

55. Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and incorporate by reference paragraphs 1 through 54 as if they were set forth again herein.

56. Defendants' violations of the FLSA, as described in this Complaint, have been reckless and willful, *inter alia,* through their failure to maintain records of actual time worked by Plaintiffs and the Collective, through their failure to pay Plaintiffs and members of the Collective for all hours worked, including overtime, and by making *estimated* payments to Plaintiffs and members of the Collective instead of payments based on actual hours worked.

57. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* attached Exhibits A & B.

58.     As a result of Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to (a) recover from Defendants unpaid wages for all of the hours worked, including premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendants' willful violation of the FLSA; and (c) recover reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION:**
**(The New York Wage Acts and/or Similar States**
**and Implementing Regulations in Effect in Other States[7])**
**(Brought on Behalf of The Class)**

59.     Plaintiffs, on behalf of themselves and the other Class Members, re-alleges and incorporates by reference paragraphs 1 through 54 as if they were set forth again herein.

60.     Pursuant to the New York Wage Acts, each employer shall pay all nonexempt employees for all hours worked, and one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

61.     Plaintiffs and the Class are non-exempt employees entitled to pay for all hours worked and to overtime compensation for all hours worked in excess of forty (40) per workweek.

62.     Plaintiffs and the proposed Class worked, and as to current employees continue to work, in excess of forty (40) hours per week, but did not, and do not, receive the appropriate compensation and overtime compensation from Defendants during the Kronos outage period.

---

[7] Such laws, as it may be determined, include, but are not limited to, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, et seq., and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.3, et seq.

63. Defendants have failed to compensate Plaintiffs and the Class for all hours and overtime hours they worked during the outage period, and, in addition such failure was willful, intentional, and or in reckless disregard of the clearly applicable provisions of the New York Wage Acts, and/or similar statutes and implementing regulations in other States.

64. Pursuant to the New York Wage Acts, and or similar statutes and implementing regulations in other States, employers, such as Defendants, who fail, or intentionally fail, to pay an employee wage in conformance with the law or to pay the proper amount of pay promptly, shall be liable to the employee for the wages or expenses that were not paid, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

65. There is no bona fide dispute that Plaintiffs and the Class are owed wages and overtime wages for the work they performed for Defendants in excess of 40 hours a week and for which they were not compensated.

66. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Class have suffered and will continue to suffer a loss of income and other damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Collective and Class Members are entitled to and pray for the following relief:

    a. Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual

        Consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of this action as a class action on behalf of the proposed Class and prompt issuance of a notice to all similarly-situated persons, apprising the Class and its members of the pendency of this action, permitting Class members to opt-out or to be bound by any judgment in the matter;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Wage Acts and/or similar laws and their implementing regulations in effect in other States;

d. Injunctive relief to compel Defendants to ensure that they capture all hours worked by Plaintiffs and the Collective and Class members and pay the overtime due to these individuals under the FLSA and the New York Wage Acts and/or similar laws and their implementing regulations in effect in other States;

e. An award of unpaid wages, including for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and the New York Wage Acts and/or similar laws and their implementing regulations in effect in other States;

f. An award of liquidated and punitive damages as a result of Defendants' failure to pay for all hours worked, including those in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. §§ 216 and 260 and the New York Wage Acts

   and/or similar laws and their implementing regulations in effect in other States;

g.   An award of damages representing the Defendants employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h.   An award of prejudgment and post-judgment interest;

i.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

j.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: April 8, 2022      **KLAFTER LESSER LLP**
               /s/ *Seth R. Lesser*
              Seth R. Lesser Bar No. SL5560
              Christopher M. Timmel Bar No. CT9831
              Two International Drive, Suite 350
              Rye Brook, NY 10573
              Telephone: (914) 934-9200
              E-mail: seth@klafterlesser.com
              E-mail: christopher.timmel@klafterlesser.com

              ***Attorneys for Plaintiffs, the Collective, and the Class***